**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FLAGLER MEMORIAL PARK, Miami Memorial Association, Dade Memorial Park and Mirror Lake Corp., Respondents.**

**No. 78–1536.**

United States Court of Appeals, Fifth Circuit.

July 11, 1979.

6. *See, e. g., United States v. Carroll,* 591 F.2d 1132 (5th Cir. 1979) and cases cited.

Elliott Moore, Deputy Assoc., Gen. Counsel, Arnold Podgorsky, John D. Burgoyne, N. L. R. B., Washington, D. C., for petitioner.

Alan A. Bruckner, Miami, Fla., for respondents.

Before GODBOLD, SIMPSON and RONEY, Circuit Judges:

PER CURIAM:

The employer was found to have violated the National Labor Relations Act by refusing to bargain following a Board election won by the union. After the election the employer filed objections on two grounds. (1) Employees were deprived of information because the union had failed to file with the Department of Labor a copy of its constitution and various reports as required by the Labor Management Reporting and Disclosure Act,[1] and, in addition the union furnished to the employer a copy of its constitution with a number of pages missing which dealt with matters of great importance to the employees and of which they should have been aware in order to cast informed votes. (2) Employees were threatened with violence if they did not support the union.

The Regional Director conducted an administrative investigation. He was furnished with information from the employer tending to establish the following. In mid-June it attempted to get the union's constitution and other documents from the Miami, Florida, office of the Labor Department but found they had not been filed. The employer then requested from the union a copy of the constitution and was furnished with a purported copy on June 21. On June 28 the employer requested all of the documents from the Labor Department in Washington, received no reply, requested them again, and received word that some of them had never been filed, then, on June 28, the day before the election, received from the Labor Department a copy of the constitution and some other documents. The constitution contained a number of pages not included in the copy earlier supplied by the union, and covering: preparation of strike plans; terms of office and salaries and qualifications of union officers; times for election of union officers, and qualifications of persons to vote; penalties for violating the constitution, including fines, suspension and expulsion; sources of union income including fines and assessments; quorums for meetings; calling of meetings; method of amending the constitution.

---

1. 29 U.S.C. § 431 *et seq.*

We agree with the Board that the union's failure to comply with the filing requirements of the LMRDA did not justify the employer in refusing to bargain or require the Regional Director to conduct a hearing. The same is true of the objection based on alleged threats of violence, which concerned events that obviously were of little if any consequence. The material furnished to the Regional Director relating to the union's furnishing an incomplete constitution raised substantial and material issues of fact going to the validity of the election. This required a hearing. The Regional Director did not address the issue of whether the union's action was a material misrepresentation that interfered with conditions for an election. He rested upon the principle that a union is not required to furnish the employer a copy of its constitution as a prerequisite to participation in a Board-conducted election. *Central Bus Line, Inc.*, 88 NLRB 1223, 1225 (1950). The Board adopted this theory in its order. This misses the point of whether furnishing a fragmentary copy was a misrepresentation. A material omission can be a misrepresentation. *S. H. Kress & Co. v. NLRB*, 430 F.2d 1234 (CA5, 1970), as can a favorable over-simplification of union procedures, *NLRB v. Sumter Plywood Corp.*, 535 F.2d 917 (CA5, 1976), *cert. denied*, 429 U.S. 1092, 97 S.Ct. 1105, 51 L.Ed.2d 538 (1977). The effect of the omission is also a factual inquiry that can warrant a hearing. *NLRB v. Mr. Fine, Inc.*, 516 F.2d 60 (CA5, 1975); *Contract Knitter, Inc. v. NLRB*, 545 F.2d 967 (CA5, 1977).

The traditional test for setting aside elections in this type of case was once that of *Hollywood Ceramics*, 140 NLRB 221 (1962), that an election will be set aside where there has been a substantial departure from the truth that can reasonably be expected to have influenced the election outcome. After the union was certified in this case the Board overruled *Hollywood Ceramics* and adopted a more stringent rule that an election will be set aside where forged documents or abuse of Board procedures is involved. *Shopping Kart Market, Inc.*, 228 NLRB 1331 (1977). We have held that *Shopping Kart* is to be given effect in cases with timing similar to this one. *NLRB v. Wagner Electric*, 586 F.2d 1074 (CA5, 1978).

We deny enforcement of the order at this time. The case must be remanded for hearing on the issue concerning the union's furnishing the fragmentary constitution. The employer has asked for a stay in this court pending determination by the Board of the employer's assertion that the union is no longer in existence. This issue also can be disposed of on remand, and the motion is DENIED.

This case involves a small number of employees in a small business. The election took place in July 1976, and the Board order was entered in September 1977. The Board should conduct a hearing and enter findings within 60 days.

Enforcement is DENIED and the case REMANDED.